PER CURIAM.
This cause is before us on the Report of the Referee recommending disbarment in the disciplinary proceedings instituted by The Florida Bar against the respondent.
The Court finds after argument and on consideration of the record, that the respondent is guilty of unethical conduct in that he was slow in handling the estate, was discourteous in failing to notify an attorney who represented one of the beneficiaries of a hearing date for order of distribution and in paying to himself fees which had not been approved by the court. The record shows the estate was finally settled by respondent as directed by the court. The complainant charges that respondent appealed an order of the County Judge’s Court but we see no reason to deny the right of appeal to an attorney, who is a legal representative, which can be exercised by those who are not members of The Bar. In the absence of clear abuse of the right of appeal and obvious bad faith attorneys should not be censured for availing themselves of appellate review.
Although respondent paid himself fees which were in excess of the amounts approved by the court and without prior court approval, he returned the excess amounts to the estate and the record shows no actual *105 fraud as the other estate funds were kept in a trust account and distributed as directed by the court. The complaining beneficiary alleges that he was embarrassed because certain creditors were never paid. These creditors failed to file claims and were barred by the statute prohibiting payment to those not filing claims in the probate court within the required time. It was indicated by counsel before this Court that the sums not paid to these creditors were turned over to the complaining beneficiary.
We approve the Report of the Referee except that portion recommending disbarment. The first complaint against respondent was filed on May 7, 1968 and for almost three years he has experienced a constant sense of distress and uncertainty over these proceedings. The record shows respondent represents a city, a bank and a civic association and also maintains a general practice. He is now a partner with a senior member of The Florida Bar who has assured this Court that he will prevent a recurrence of the events described herein.
For the foregoing reasons, we direct that publication of this order shall constitute a public reprimand and respondent shall be placed on probation for one year. Beginning on the first day of the month after the effective date of this order and on the first day of each month thereafter for one year, respondent shall file a written report with the Clerk of this Court briefly stating the nature of his activities including complaints, if any, that may be filed against him with The Florida Bar during that time. It is directed that The Florida Bar immediately notify this Court of any alleged transgressions involving petitioner during the probationary period. Unless otherwise ordered by this Court, at the end of one year the probation shall expire.
It is so ordered.
CARLTON, Acting C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.