PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline filed by The Florida Bar.
The Amended Complaint filed with the referee on April 28, 1976 reads as follows:

“AMENDED COMPLAINT

“THE FLORIDA BAR, Complainant, files this Complaint against WILLIAM J. NEALE, Respondent, pursuant to Article XI of the Integration Rule of The Florida Bar, as amended and alleges:

COUNT I

1. The Respondent, WILLIAM J. NEALE is, and at all times hereinafter mentioned was, a ^member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of this Complaint, required by the Integration Rule, have been fulfilled.
3. Prior to April 1973 the Respondent was retained by Margaret L. Farrier (hereafter referred to as Margaret L. Sanders) to represent her in divorce proceedings against Howard L. Farrier.
4. On April 17, 1973, Mrs. Sanders, represented by Respondent, entered into a stipulation with her husband whereby they agreed to certain provisions regarding child support and custody and property settlement.
5. Paragraph 5 of the April 17, 1973, stipulation provided for the sale of the parties’ home, with a portion of the proceeds of the sale being used to pay off certain enumerated debts, which the parties jointly owed.
6. On May 10, 1973, the final judgment dissolving the Farrier marriage was handed down. The April 17, 1973, stipulation was incorporated into the judgment.
7. On July 22, 1974, the Farrier-Sanders’ home was sold to Louie H. and Merle P. Hinman for $18,750. Respondent represented Margaret L. Sanders and Howard L. Farrier, the sellers at the closing.
*357 8. On or about August 1, 1974, Respondent received the proceeds from the sale of the Farrier-Sanders home in his capacity as attorney for the sellers.
9. Respondent retained approximately $830.00 of the aforementioned sale proceeds for the purpose of paying off the debts listed in the April 17, 1973, stipulation.
10. Respondent held the aforementioned $830.00 in trust for the benefit of Margaret L. Sanders and Howard L. Farrier, or for the benefit of their creditors.
11. Respondent deposited the afore-, mentioned $830.00 into a trust account.
12. Respondent did not disburse the $830.00 in trust funds to the parties to whom the trust funds were owing, nor did he return them to his client, Margaret L. Sanders.
13. Margaret L. Sanders has repeatedly and unsuccessfully demanded that Respondent either disburse or return to her the funds Respondent holds in trust.
14. By reason of the foregoing, Respondent has violated Rule 11.02(4) of Article XI of the Integration Rule and Disciplinary Rules 9-102(A) and 9-102(B)(4) of the Code of Professional Responsibility.

COUNT II

15. Complainant realleges the matters presented in paragraphs 1 and 2 of Count I.
16. On October 24, 1974, James S. White, Jr., and his wife Frances C. White, purchased a mobile hotdog stand with the intent of operating a business out of the stand.
17. A provision of the contract of purchase of the mobile hotdog stand was that the business was in full compliance with all governmental regulations at the time the Whites purchased the stand.
18. On December 2, 1974, Mr. and Mrs. White were advised by the Department of Business Regulation, Division of Hotels and Restaurants, that their business did not comply with the regulations of the State of Florida, and that the business must be shut down until they complied with the relevant regulations.
19. On December 2, 1974, Mr. and Mrs. White consulted with Respondent for advice on legal procedures available to them. They paid Respondent a fee of $25 for his services.
20. On December 11, 1974, Mr. and Mrs. White retained Respondent for the purpose of filing suit for rescission of their contract purchasing the hotdog stand, for restitution of their purchase price and for damages for breach of contract. Respondent received $500 on December 12, 1974 as advance payment for his services while representing Mr. and Mrs. White.
21. At the time Mr. and Mrs. White retained Respondent, they instructed him to proceed with their case promptly.
22. Despite repeated requests from Mr. and Mrs. White that he expedite their ease, Respondent did not file suit in their behalf until April 3, 1975.
23. On April 28, 1975, the defendants in the White case filed a Motion to Dismiss.
24. Respondent did not notice the Motion to Dismiss for hearing until June 5, 1975, and the hearing was set for July 8, 1975.
25. On July 17, 1975, the White’s Complaint, as filed by Respondent, was dismissed, with leave to file an amended Complaint within 20 days.
26. Respondent neglected to file an amended Complaint in behalf of Mr. and Mrs. White within the 20 day period set by the Court.
27. Respondent did not advise Mr. and Mrs. White of the dismissal of their case.
28. By reason of the foregoing conduct, Respondent has violated Disciplinary Rules 6-101(A)(3) and 7-101(A)(2) of the Code of Professional Responsibility-

COUNT III

29. Complainant realleges the matters presented in paragraphs 15 through 27 of Count II above.
*358 30. On September 15, 1975, Mr. and Mrs. White discharged Respondent and demanded that he return the unearned portion of the $500 fee they paid him.
31. On October 1, 1975, Respondent refunded $250 of the White’s fee, payment of which was by Respondent’s check 3145 drawn on account 300 062 8 at the Flagship Bank of Melbourne, Florida.
32. On the back of the Respondent’s aforementioned check no. 3145, Respondent had typed out a statement making the refund contingent upon Mr. and Mrs. White releasing Respondent from any claims they might have against Respondent for his misconduct.
33. By reason of the foregoing, Respondent has violated Disciplinary Rule 6-102(A) of the Code of Professional Responsibility.
WHEREFORE, the Complainant prays that the Respondent will be appropriately disciplined in accordance with Article XI of the Integration Rule of The Florida Bar.”
The Conditional Guilty Plea for Consent Judgment filed by Respondent, William J. Neale, is hereby approved by the Court and said Respondent is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above, the publication of this opinion shall serve as the public reprimand to Respondent; Respondent is hereby placed on probation for two years from this date pursuant to the terms of the Conditional Guilty Plea for Consent Judgment.
Costs in the amount of One Hundred Dollars ($100) are hereby taxed against Respondent to be paid within thirty days from this date.
It is so'ordered.
OVERTON, C. J., and ROBERTS, ADKINS, BOYD and ENGLAND, JJ., concur.