PER CURIAM.
In this disciplinary action the referee has recommended that the respondent, William J. Neale, be found guilty of violating Disciplinary Rule 6-101(A)(3) of The Florida Bar Code of Professional Responsibility. Neither The Florida Bar nor Neale sought review of his finding or disciplinary recommendation.
In support of his conclusions, the referee found, among other things:
An attorney accepting a retainer must take appropriate and reasonable action to further his client’s best interests, to do so promptly and to keep his client advised at all times. Respondent’s actions involve indifference and a conscious disregard for the responsibility owed to the client.
The referee properly stated an attorney’s duty; the record supports his conclusion of a breach of that duty.
After referring to prior disciplinary actions against Neale,[1] the referee, in recommending discipline, stated:
There is no evidence of a corruptive motive. Respondent is 60 years of age, has been a member of The Florida Bar 33 years, his health is not good. Respondent’s problem has heen neglect and failure to communicate.
I have taken into consideration all facts, including prior disciplinary matters, and recommend 60 days suspension, three years probation, to include conducting a report of status of all his cases on a monthly basis.
We adopt the referee’s recommendation for discipline. We accordingly find that William J. Neale is found to have breached Disciplinary Rule 6-101(A)(3) of the Code of Professional Responsibility. He is hereby suspended from the practice of law for sixty days, and thereafter shall be on probation for three years under the supervision of The Florida Bar. The suspension shall be effective June 20, 1983, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business. A condition of probation shall be a monthly report of the status of all of his cases. In addition, he shall pay the costs of this proceeding in the amount of $1,090.71 within thirty days of the filing of this opinion.
It is so ordered.
ADKINS, Acting C.J., and BOYD, MCDONALD, EHRLICH and SHAW, JJ., concur.

. The Fla. Bar v. Neale, 336 So.2d 356 (Fla. 1976); The Fla. Bar v. Neale, 246 So.2d 104 (Fla.1971).